FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 16 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------X

GARY LALL,

              Petitioner,

-against-

UNITED STATES OF AMERICA,

              Respondent.

------------------------------------------------X

NOT FOR PRINT OF ELECTRONIC PUBLICATION

MEMORANDUM AND ORDER

11 CV 3230 (ARR)

ROSS, United States District Judge:

By pro se petition filed July 5, 2011, petitioner, Gary Lall ("petitioner" or "Lall"), seeks to vacate his jury convictions of conspiracies to import and possess with intent to distribute five kilograms or more of cocaine, in violation 21 U.S.C.§ 963, conspiracies to import and possess with intent to distribute 50 kilograms or more of marijuana, in violation of 21 U. S. C. § 963, and possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §841(b)(1)(B). On April 11, 2006, Lall was sentenced principally to concurrent terms of 210 months' imprisonment. On March 23, 2009, the Second Circuit Court of Appeals affirmed Lall's convictions and the Supreme Court subsequently denied his petition for certiorari. Because the relevant portions of the trial proceedings and evidence adduced at Lall's trial (United States v. Lall, et al.) and that adduced at the the separate, severed trial three weeks earlier of several of his codefendants (United States v. Adams, et al) have been fairly and accurately summarized in the government's brief on this petition, see Memo. In Opp. To Petition pursuant to 28 U.S.C. §2255, pp. 1-14, I need not repeat them here.

1

Lall seeks to vacate his convictions pursuant to 28 U.S.C. §2255, claiming a Brady violation, ineffective assistance of trial counsel, and prosecutorial misconduct. As each claim is meritless, the petition is denied.

## DISCUSSION

### I. The Government Did Not Violate Lall's Rights Under Brady[1]

Lall contends that the government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by presenting evidence at his trial attributing to him responsibility for 53 kilograms of cocaine seized at John F. Kennedy Airport ("JFK") on October 24, 2002, and failing to disclose to him that in the prior Adams trial, it had taken a contrary position -- that the seized cocaine really belonged to a codefendant, Eglan Younge. The Brady claim fails because Lall is mistaken as to the evidence adduced at the prior trial.

At the Adams trial of four of Lall's severed codefendants, including Elgan Younge, the government did not introduce any evidence at all concerning the seizure of 53 kilograms of cocaine on October 24, 2002, and it certainly did nothing to suggest that Younge bore any responsibility for the cocaine that was seized on that date. Lall's citation to the Adams record in support of his argument is simply inapposite. Specifically, Lall cites to the testimony of a cooperating witness at the Adams trial who makes reference to Younge's involvement in a cocaine seizure at JFK occurring sometime prior to September 20, 2003, but there is nothing in the witness's testimony or elsewhere in the trial record suggesting that this reference was to the October 24, 2002 seizure of 53 kilograms of cocaine. Lall also makes reference to a statement of another cooperating witness set forth in the government's July 10, 2003 affidavit in support of a wiretap application, and concludes, without basis, that the witness told the government that the

---

[1] Because, although Lall was represented by new counsel, he failed to raise his Brady claim on direct appeal, it is procedurally barred. It is, in any event, without merit as explained below.

2

53 kilograms of cocaine seized on October 24, 2002 belonged to Younge. In fact, the affidavit relates that according to the witness, Younge had been involved with an attempt to smuggle cocaine into the United States prior to a 17 kilogram seizure occurring on January 23, 2003. It is the attesting agent, not the cooperating witness, who suggests that this prior attempted importation "matched" the cocaine importation that was the subject of the 53 kilogram seizure on October 24, 2002. It was not until some two and a half years after the preparation of the affidavit that Younge and others proceeded to trial in <u>Adams.</u> There, the government advanced no claim, evidence, or suggestion that Younge bore any responsibility for the October, 2002 seizure. Because there was no incompatibility between the evidence at the <u>Adams</u> trial and the trial evidence in <u>Lall</u>, nothing controverts the government's evidence at Lall's trial that he was responsible for the 53 kilogram seizure, and there is thus no basis for Lall's claim of a <u>Brady</u> violation.

II. <u>Lall Was Not Denied The Effective Assistance of Counsel</u>

Lall advances a series of claims of ineffective assistance of trial counsel, the first challenging counsel's failure to renew his Rule 29 motion following the close of all of the evidence, and the remainder challenging counsel's alleged failures to make meaningful motions and mount a meaningful defense at trial, claims Lall raises by incorporating certain of the challenges advanced on appeal that the Second Circuit chose not to adjudicate. Petition, Ex. C. Each challenge to trial counsel's effectiveness is without merit.

Turning first to counsel's failure to renew Lall's Rule 29 motion that I had denied at the close of the government's case, because the government's overwhelming evidence of Lall's guilt was not undermined in any way by Lall's only defense witness, counsel was correct in assuming that I would not have ruled differently on a renewed Rule 29 motion. Moreover, substitute

3

counsel's belated Rule 29 motion, which I denied as untimely, raised the same arguments as those advanced on Lall's behalf on appeal – that the government's proof of multiple, unrelated conspiracies, at least one of which was uncharged, prejudiced Lall both by the creation of a variance between his indictment and the evidence against him and by prejudicial spillover of evidence from one conspiracy to another. The Court of Appeals however, has already squarely rejected each of these contentions, finding, (1) as to the claimed variance, that "Lall cannot successfully argue prejudice" because "[t]he Government charged and proved at trial that Lall was involved with and formed the link between the various conspiracies charged in the indictment[,]" (2) as to the alleged spillover, that "Lall cannot show prejudice because the evidence presented at trial tied him to both conspiracies[,]" and (3) as to the evidence relating to the separate Adams conspiracy, that it was admitted for an appropriate reason with a proper limiting instruction. See United States v. Adams, et al, 316 Fed. Appx. 60, 62-66 (2d Cir. 2009). In view of the Second Circuit's rejection to each of these arguments, Lall could not have been prejudiced by trial counsel's failure to raise the identical arguments before me.

Turning to the alleged shortcomings of counsel's trial motions, they provide no basis for a finding of prejudice essential to establishing a Sixth Amendment violation. As to trial counsel's unsuccessful motion to suppress the fruits of the search of his residence, Lall argues that I "probably" would have granted the suppression motion had counsel cited me to the opinion of Judge Suddaby in United States v. Moran, 349 F. Supp. 2d 425 (N.D.N.Y. 2005). Petitioner is mistaken. Although I found that the affidavit in support of the search warrant included no *facts* linking Lall's criminal activity to Lall's residence, the affidavit did set forth extensive, general averments by the attesting Drug Enforcement Administration Agent, based on his training and experience, that members of narcotics organizations maintain records of drug sales and other

4

specified drug-related evidence in their homes. Based on his training and experience, the Agent attested that telephones, billing records, addresses of co-conspirators, and narcotics records, all related to the charged narcotics conspiracies, would be recovered from Lall's residence. Because not only the circuit courts but also the district courts in this circuit were split on the question of whether exclusive reliance on law enforcement agents' expert opinions sufficed to establish probable cause to search a drug dealer's residence, I denied the suppression motion based on the good faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1987). Specifically, I found that, as in United States v. Rios, 881 F. Supp. 772, 775 (D. Conn. 1995), in light of the unsettled state of the law on the issue in the Second Circuit, "a reasonably well trained officer could not have known that [the agent's] affidavit contained insufficient indicia of probable cause." The fact that, in Moran, another district court in this circuit chose not to apply Leon would not have affected my judgment as it would not have resolved the ambiguity in the state of the circuit law that warranted the application of Leon. Moreover, Moran was entirely irrelevant to the issue before me -- the sufficiency of an expert opinion to establish probable cause to believe that evidence subject to seizure could be found at a target location -- because the affidavit in Moran did not set forth any expert opinion tying defendant's drug dealing with his residence.

Similarly wanting is the claim that Lall suffered prejudice by virtue of his trial counsel's inadequate severance motion because I "probably would have favored [Lall's] severance request if [I] had been made aware of its factual and legal underpinnings." (Lall App. Br. at 45). In fact, as stated in my decision on the pre-trial severance motion, I found that "the superceding indictments [severing the trial of the Adams defendants from that of the Lall defendants] adequately addressed any multiple conspiracy claim and that no further severance [was]

warranted on that basis." On appeal, the Second Circuit also concluded that Lall could not show prejudicial spillover by the joinder of multiple conspiracies "because the evidence presented at trial tied him to both conspiracies." Lall's further argument that his indictment of two conspiracies in a single charging instrument "meant ... [that] he was sure to become the unrelenting focus of the trial proceeding" is, in substance, the same complaint he raised on appeal as a prejudicial misjoinder claim. The Second Circuit rejected the claim, stating that "[t]he government charged and proved at trial that Petitioner was involved with and formed the link between the various conspiracies charged in the indictment. Petitioner cannot successfully argue prejudice due to evidence introduced pertaining to those different conspiracies." [2]

Lall's criticism of counsel's trial strategy – specifically, counsel's failure to pursue a defense of casting blame on Adams and other severed codefendants – is founded on a misreading of the evidence he cites regarding certain drug importations. As discussed above, the evidence at both trials overwhelmingly established that Lall, not Adams, was responsible for the October 24, 2002 seizure. No evidence adduced at either trial suggested a contrary conclusion. As to the September 20, 2003 seizure, the government expressly acknowledged that Lall had no involvement in that importation, and I delivered an instruction concerning the limited manner in which that evidence could be considered by the jury. Finally, although it was clear from the evidence at trial that other criminals at JFK were importing drugs by use of the airlines, the strategy of focusing Lall's defense on the criminal conduct of Adams and others could not have detracted from the overwhelming evidence that Lall used Universal Airlines to import cocaine over an 18 month period from May, 2002 to November, 2003.

---

[2] Lall's asserted criticisms of counsel's trial and post-trial motions specify no basis to doubt counsel's effectiveness.

III. Lall's Claims of Prosecutorial Misconduct are Procedurally Barred and Meritless

Under the rubric of "prosecutorial misconduct," Lall advances a grab bag of arguments -- from a claimed Bruton violation to claims that the government mischaracterized the testimony of cooperating witnesses to falsely accuse Lall of cocaine importation. As to the latter claims, Lall appears to contend that the government lied in opening and summation arguments in urging that witnesses implicated Lall in cocaine importations when they had really implicated not Lall but one or more others, and their testimony actually concerned not cocaine but marijuana importations. Each of these contentions is procedurally barred and, in any event, meritless.

A petitioner who fails to bring a claim on direct appeal is precluded from raising it in a subsequent § 2255 proceeding unless he can establish actual innocence or both "cause" for the procedural default and actual prejudice resulting therefrom. Bousley v. United States, 523 U.S. 614, 622 (1998). On direct appeal, Lall raised neither a Bruton claim nor any claim of prosecutorial misconduct, and there is no basis in the record to establish cause and prejudice for the default, nor is there a plausible claim of actual innocence. Accordingly, Lall's Bruton and prosecutorial misconduct claims are procedurally defaulted. Even assuming arguendo that the government waived the procedural default by not raising the bar in responding to Lall's petition, however, these claims are also meritless.

Lall claims that the admission of a codefendant's post-arrest statement redacted to eliminate any reference to Lall, inserting, instead, the identifier "someone at the airport," violated his Sixth Amendment confrontation rights under Bruton v. United States, 391 U.S. 123 (1968). But nothing in the statement, standing by itself, expressly implicated Lall or made the fact of the redaction obvious, thus meeting the requirements set forth in Richardson v. Marsh, 481 U.S. 200 (1987) and Gray v. Maryland, 523 U.S.185, 192-3, 196 (1998). Where, as here, the

statement is inculpatory only contextually, by inference and implication, when linked with other evidence introduced at the trial, the Confrontation Clause is not implicated. Thus, the admission of the challenged statement of his codefendant did not violate Lall's Bruton rights.

Finally, contrary to Lall's claims, the government's trial arguments that the cooperating witnesses implicated Lall in cocaine importations are well supported by the evidence. One of the cooperators made clear in his testimony that although he initially believed, as a result of Lall's false representations, that he was assisting Lall in the importation of marijuana, he later learned after the October 24, 2002 seizure that all of the six importations in which he had participated with Lall had been of cocaine. Similarly, although another cooperator testified that an individual other than Lall initially enlisted him to help locate a lost shipment of cocaine at the airport, Lall subsequently recommended an individual to move the container when found, and Lall also enlisted two others to assist in unscrewing the container in an effort to locate the hidden drugs. In light of the trial testimony, when accurately characterized, all of the government's contested arguments were well-supported by the evidence and there exists no basis for Lall's claim of prosecutorial misconduct.

## CONCLUSION

For the foregoing reasons, the petition is denied in its entirety. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealibility will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED:

Dated: Brooklyn, New York
      August 16, 2012

S/Judge Ross

_____
Allyne Ross
United States District Judge

**COPIES WERE FORWARDED TO:**

**Petitioner:**
Gary Lall
#70591-053
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640


**Respondent:**
M. Kristin Mace
Assistant U.S. Attorney
U.S. Attorney, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201